IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILLIP SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>TROY MILLER, D.O.,<br><br>        Defendant. | **8:19CV298**<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's motion for extension of time (Filing No. 29) and Defendant's objection thereto (Filing No. 31).

      Plaintiff is requesting the court to "grant an extension of (90) days of each [deadline] established [in the court's Second Amended Order Setting Schedule for Progression of Case (Filing No. 22)], as well as the Defendant's submitted filings for response …." (Filing No. 30). "Defendant's submitted filings" include a motion for summary judgment, which Plaintiff states he was served with on April 14, 2020 (Filing No. 24), and written interrogatories, requests for production of documents, and requests for admission, which Plaintiff states he was served with on April 16, 2020 (see Filing No. 27 (certificate of service)). On May 18, 2020, Defendant also served Plaintiff with a notice to take his deposition at a date and time to be agreed to by the parties (Filing No. 30).

      In support of his motion for extension of time, Plaintiff states that because of the COVID-19 pandemic, his correctional facility (USP Leavenworth) has been on "lockdown" status since April 1, 2020, and this situation will continue through at least June 1, 2020.[1] Plaintiff states he is permitted only 1½ hours of recreational

---

[1] "On May 18, 2020, the Director of the Bureau of Prisons (BOP) ordered the implementation of Phase 7 of its COVID-19 Action Plan. This phase extends all measures from Phase 6, to include measures to contain movement and decrease the spread of the virus. The Phase 7 Action Plan will remain in place through June 30,

activity per day, and is otherwise confined to his cell; all other activities, including access to the commissary and law library, are inaccessible.[2] Plaintiff contends the lockdown "completely negates [his] ability to research, compile and accurately assess needed, required and outstanding filings to the court." (Filing No. 29, p. 2.)

### A. Progression Schedule

A case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. *Cent. Valley Ag Coop. v. Leonard*, No. 8:17CV379, 2019 WL 2118881, at *6 (D. Neb. May 15, 2019) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).

Plaintiff has not been diligent in prosecuting this case. In a letter that was dated February 28, 2020, but not received and filed until March 11, 2020, he requested an unspecified extension of time to serve interrogatories, requests for production of documents, and requests for admission. (Filing No. 19.) The court granted the request and extended the deadline from March 26, 2020, to April 16, 2020. (Filing No. 20.) In a motion that was dated April 1, 2020, and received and filed on April 6, 2020, Plaintiff asked for an additional 30 days to "review and

---

2020, at which time it will be evaluated." BOP COVID-1 Action Plan: Phase Seven, https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp.

[2] The BOP website states that inmate movement in small numbers is authorized for the following purposes:
  A. Commissary
  B. Laundry
  C. Showers three times each week
  D. Telephone, to include legal calls, and access to TRULINCs
https://www.bop.gov/coronavirus/covid19_status.jsp.

process the material supplied to the plaintiff by the attorneys for the defendant;[3] and establish the necessary motions and filings relevant to the above noted cause." (Filing No. 21.) The court granted this motion by extending the deadline for serving discovery requests from April 16, 2020, to May 18, 2020, extending the deadline for filing motions to amend the pleadings from May 5, 2020, to June 2, 2020, and extending the deadline for filing motions to compel discovery from June 16, 2020, to July 2, 2020.[4] (Filing No. 22.) Despite obtaining these extensions, Plaintiff has not filed a motion for leave to amend, and there is no record that he has served any discovery requests. *See* NECivR 33.1(c), 34.1(b), 36.1(c) (requiring the demanding party to file a certificate of service for discovery requests). Because Plaintiff has not made a showing of due diligence, or demonstrated any actual need for another extension of time, his request to modify the court's Second Amended Order Setting Progression Schedule for Case (Filing No. 22) will be denied.

## B. Discovery Responses

To the extent Plaintiff is requesting additional time to respond to Defendant's discovery requests,[5] this request will also be denied. Plaintiff has not demonstrated that his ability to answer written interrogatories or to respond to requests for production of documents or requests for admission has been adversely affected by his lack of access to the prison law library. Discovery requests such a this are fact-based inquiries which ordinarily should not require any legal research in order to respond.

---

[3] Although the court's General Order No. 2016-02 exempted this pro se case from the disclosure and conference requirements of Federal Rule of Civil Procedure 26 (Filing No. 5, ¶ 17), Plaintiff was served with "Defendant's Initial Disclosures" on March 10, 2020. (Filing No. 18 (certificate of service)).

[4] The July 2, 2020 deadline for filing dispositive motions was not extended. The final pretrial conference date of October 14, 2020, also remained unchanged.

[5] Responses to discovery requests are due 30 days after service unless extended by stipulation or court order. *See* Fed.R.Civ.P. 33(b)(2), 34(b)(2), 36(a)(3).

C. Response to Summary Judgment Motion

Plaintiff's response to Defendant's motion for summary judgment was due on May 8, 2020. *See* NECivR 56.1(b)(2) ("An opposing brief may be filed within 21 days after service of the [summary judgment] motion and supporting brief."); NECivR 6.1 ("Federal Rule of Civil Procedure 6 applies when computing any period of time stated in these rules…. Unless a local rule states otherwise, Federal Rule of Civil Procedure 6 governs the computation of response time."); "Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), … 3 days are added after the period would otherwise expire under Rule 6(a).").

Although Plaintiff's motion for extension of time is dated May 6, 2020, it was not received by the court (via fax) and filed until May 15, 2020.[6] (A hard-copy original, postmarked May 15, 2020, was received in the mail and filed on May 18, 2020.) Therefore, to the extent Plaintiff is requesting additional time to respond to the summary judgment motion, such request is untimely.[7]

A district court has "considerable discretion" to grant or deny a party's motion for an extension of time to file a summary judgment response. *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 950-51 (8th Cir. 2019)

---

[6] The court entered a text order which authorized the filing of this faxed motion on the date of its receipt. (Filing No. 28.) *See* NECivR 5.1(c) ("A document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order.").

[7] "Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). However, Plaintiff has not shown that the rule applies in this case. The envelope for Plaintiff's mailing (Filing No. 29-1, p. 3) gives no indication that it was deposited in the prison's mail system, and the facsimile version (Filing No. 29) was sent from an Office Depot location. It would appear, therefore, that the mailing was made outside the prison by someone other than Plaintiff.

(quoting *Soliman v. Johanns*, 412 F.3d 920, 921-22 (8th Cir. 2005)). "A court may grant a party's timely motion for an extension upon a showing of good cause, *see* Fed. R. Civ. P. 6(b)(1)(A), or may for good cause grant a party's request for an extension of time "after the time has expired if the party failed to act because of excusable neglect," *id.* 6(b)(1)(B)." *Id.* 926 F.3d at 951.[8]

"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Id.* (internal quotation marks and citation omitted). Plaintiff's inability to access the prison law library since being served with the motion for summary judgment constitutes "good cause" for granting an extension of time for the filing of an opposing brief.[9]

"With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In particular, "[e]xcusable neglect encompasses four factors: prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay. The reason for the delay is a key factor in the analysis." *Albright*, 926 F.3d at 951 (citations omitted).

---

[8] Importantly, Plaintiff has not "show[n] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to the summary judgment motion. Fed. R. Civ. P. 56(d) (authorizing the court, upon such a showing, to defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order).

[9] Even attorneys often need additional time to respond to summary judgment motions. *See Avila v. CNH Am., LLC*, No. 4:04CV3384, 2009 WL 666386, at *3 n. 6 (D. Neb. Mar. 11, 2009) ("The court routinely grants 30-day extensions of time for responding to motions for summary judgment, provided that trial is not imminent and no opposing party will be prejudiced. In some cases, more than one extension may be granted upon a proper showing.").

5

Although Plaintiff has failed to provide a satisfactory explanation as to why the motion for extension of time was not faxed and mailed to the court until after the deadline for responding to Defendant's summary judgment motion had already expired, the one-week delay has not prejudiced Defendant. Plaintiff's request also appears to be made in good faith.

The Eighth Circuit has cautioned that "courts must be sensitive to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [it] do[es] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). With that admonition in mind, and considering all the relevant circumstances, the court will excuse Plaintiff's untimeliness in this particular instance, and will grant him a reasonable extension of time, until July 27, 2020, to respond to Defendant's motion for summary judgment.[10]

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for extension of time (Filing No. 29) is granted in part and denied in part, as follows:

    a. Plaintiff shall have until July 27, 2020, to respond to Defendant's motion for summary judgment (Filing No. 24).

    b. In all other respects, Plaintiff's motion is denied.

2. Defendant's objection (Filing No. 31) is sustained in part and denied in part, as per paragraph 1 above.

3. All discovery in this matter is stayed pending further order of the court.

---

[10] The court is establishing this response deadline based on the assumption that Plaintiff will have access to the prison law library beginning on July 1, 2020. Plaintiff shall advise the court if this assumption proves wrong (i.e., whether he gains access to the library before that date, or the library remains off-limits after that date).

4. The deadline for filing a motion to compel discovery is suspended until further order of the court.

DATED: May 29, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge